✓ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 2 1 2007

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

DANIEL G. BOGDEN
United States Attorney
NANCY J. KOPPE
Assistant United States Attorney
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388-5087

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )   2:06-cr-00327-RLH-LRL
                                    )
    vs                              )   **PLEA MEMORANDUM**
                                    )
STANLEY JENCHOWSKI,                 )
                                    )
            Defendant.              )
_____)

The United States, by and through Daniel G. Bogden, United States Attorney, and Nancy J. Koppe, Assistant United States Attorney, Stanley Jenchowski ("defendant"), and defendant's attorney, Mark F. Roach, submit this plea memorandum.

## I.
## PLEA AGREEMENT

The United States and defendant have reached the following plea agreement, which is not binding on the court:

**A.  The Plea**

Defendant will plead guilty to count one of the indictment charging Transporting Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(1). The defendant admits to the forfeiture in count five of the indictment. At the time of sentencing, the United States agrees to move to dismiss the remaining counts of the indictment as against defendant.

**B.   Additional Charges**

The United States Attorney's Office for the District of Nevada ("United States") will bring no additional charge or charges against defendant arising out of the investigation in the District of Nevada which culminated in this Plea Memorandum.

**C.   Sentencing Guideline Calculations**

Defendant understands that the court is required to consider United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

The parties agree to the following calculations of the Sentencing Guidelines:

1. The Base Offense Level is 22. (§ 2G2.2(a)(2))

2. A 2 level upward adjustment applies because the material involved a prepubescent minor or a minor under the age of twelve years. (§ 2G2.2(b)(2));

3. A 5 level upward adjustment applies because the offense involved distribution to a minor. (§2G2.2(b)(2)(C));

4. A 2 level upward adjustment applies because a computer was used for the transmission, receipt, or distribution of the material. (§ 2G2.2(b)(6));

5. A 5 level upward adjustment applies because the offense involved 600 or more images. (§ 2G2.2(b)(7)(D)).

6. Pursuant to USSG §3E1.1(a) the United States will recommend that defendant receive a three-level adjustment for acceptance of responsibility unless defendant (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct; (f) fails to appear in court; or (g) violates the conditions of pretrial release.

7.    Defendant agrees that the court may consider any counts dismissed under this agreement, along with all other relevant conduct whether charged or uncharged, in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

8.    Defendant's Criminal History Category will be determined by the court.

D.   **Other Sentencing Matters**

1.    The defendant will seek neither a downward departure pursuant to U.S.S.G. §5K1.1 nor a downward adjustment pursuant to 18 U.S.C. §3553 from any sentence that may be imposed within the applicable sentencing range.

2.    The United States will recommend that defendant be sentenced to the low-end of the Guideline range unless defendant commits any of the acts that could result in a loss of the downward adjustment for acceptance of responsibility. The defendant is required to register as a sex offender in the state of his residence, consistent with the laws of that state.

3.    The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors. In that event, defendant will not withdraw defendant's plea of guilty.

4.    The stipulations in this agreement do not bind either the United States Probation Office or the court. Both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

E.   **Fines and Special Assessment**

1.    Defendant agrees that the court may impose a fine due and payable immediately upon sentencing.

2. Defendant will pay the special assessment of $100 per count of conviction at the time of sentencing.

**F.   Forfeiture**

1. Defendant agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal judicial forfeiture of the property listed in the Bill of Particulars for Forfeiture of Property, filed by the United States on December 11, 2006 ("property"). The property is specifically described as:

    a.    Gateway Laptop Computer, Serial Number N325C6101338;

    b.    Maxtor Hard Drive, Serial Number A4243RQC;

    c.    Maxtor Hard Drive, Serial Number V4085PBA;

    d.    Maxtor Hard Drive, Serial Number 672118020616;

    e.    IBM Hard Drive, Serial Number 29H7188E154790S5C;

    f.    Western Digital Hard Drive, Serial Number WM336443837;

    g.    Western Digital Hard Drive, Serial Number WMAHL3428996;

    h.    Western Digital Hard Drive, Serial Number WT2730221367;

    i.    Western Digital Hard Drive, Serial Number WT4732780347;

    j.    Compaq Tower, Serial Number CNF546098R;

    k.    Black Generic Computer Tower, no serial number;

    l.    Silver Generic Computer Tower, no serial number; and

    m.    Logitech Webcam, no serail number.

2. Defendant agrees to abandon or to forfeit to the United States of America voluntarily and immediately his right, title, and interest in the property.

3. Defendant agrees to make no claim to the property in any abandonment proceeding, any civil administrative forfeiture proceeding, any civil judicial forfeiture proceeding, or any criminal judicial forfeiture proceeding.

4. Defendant knowingly and voluntarily waives his right to any abandonment proceeding, any civil administrative forfeiture proceeding, any civil judicial forfeiture proceeding, or any criminal judicial forfeiture proceeding concerning the property.

5. Defendant knowingly and voluntarily waives the statute of limitations, the CAFRA requirements, and the constitutional due process requirements of any abandonment proceeding, any civil administrative forfeiture proceeding, any civil judicial forfeiture proceeding, or any criminal judicial forfeiture proceeding concerning the property.

6. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the property.

7. Defendant knowingly and voluntarily waives (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine concerning, the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal judicial forfeiture of the property.

8. Defendant agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal judicial forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to the abandonment or the forfeiture.

**G.  Waiver of Appeal**

1.  In exchange for the concessions made by the United States in this plea agreement, defendant knowingly and expressly waives the right to appeal any sentence that is imposed within or below the applicable Sentencing Guideline range as determined by the Court, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or sentence, including any order of restitution. Defendant reserves only the right to appeal

any portion of the sentence that is an upward departure or higher than the sentencing guideline range determined by the court.

2.  Notwithstanding the stipulations in this agreement, the parties are free to argue on appeal and collateral review that the court's sentencing guidelines calculations are not error. However, each party agrees to maintain its view that the calculation in section C are consistent with the facts of this case.

### H. Result of Vacatur, Reversal or Set-Aside

Defendant agrees that if any count of conviction is vacated, reverse, or set aside, or enhancement imposed by the court to which the parties stipulated in this agreement is vacated or set aside, the United States may: (a) ask the court to resentence defendant on any remaining count[s] of conviction, with both the United States and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the court to void the entire plea agreement and vacate defendant's guilty plea[s] on any remaining count[s] of conviction, with both the United States and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining conviction[s], sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the United States.

### I. Additional Promises, Agreements, and Conditions

1.  In exchange for the United States entering into this agreement, defendant agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against defendant under Fed. R. Evidence 801(d)(2)(A) in the following circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event defendant does not plead guilty or withdraws defendant's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on defendant's behalf; and (b) defendant expressly waives any and all rights under Fed. R. Criminal P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

2. The parties agree that no promises, agreements, and conditions have been entered into other than those set forth in this plea memorandum, and will not be entered into unless in writing and signed by all parties.

**J.   Limitations**

This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. However, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States Attorney's office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving defendant, including but not limited to, proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

## II.

## PENALTY

1. The penalty for violating Title 18, United States Code, Section 2252A(a)(1) is not less than five (5) years imprisonment and not more than twenty (20) years imprisonment, a fine of not more than two hundred fifty thousand dollars ($250,000), or both.

2. Defendant is subject to supervised release for a term not exceeding life.

3. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. Defendant must pay a special assessment of one-hundred ($100) for each count of conviction.

. . . .

. . . .

5.  Defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless defendant establishes that defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service.

## III.

## ELEMENTS

The essential elements needed to prove the crime of transporting child pornography, in violation of Title 18, United States Code, Section 2252A(a)(1), are the following:

<u>First</u> -  Defendant knowingly transported or shipped in interstate or foreign commerce by any means including by computer;

<u>Second</u> -  Any child pornography. Child pornography is defined in Title 18, United States Code, Section 2256(8).

## IV.

## FACTS THAT SUPPORT GUILTY PLEA

1.  Defendant is pleading guilty because defendant is guilty of the charged offense.

2.  In pleading to the offense(s), defendant acknowledges that if defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish defendant's guilt beyond a reasonable doubt.

3.  Defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

4.  On April 24, 2006, U.S. Naval Special Agent (SA) Michele Starostka, while acting in an undercover capacity as a 35-year old female named "Ali" (SA Starostka also acted as "Ali's" 13-year old daughter "Andi" during this investigation), entered a Yahoo fetish chatroom named Fetish13. While in the chatroom, SA Starstka was contacted by the defendant, and they began chatting. The defendant very quickly asked "Ali" if she was interested in young girls or in sex with her daughter. The defendant told "Ali" that he had previously engaged in sex with a 40-year old mother and her 12-year old daughter. He described this as a "fantastic, incredible experience."

5. The defendant e-mailed "Ali" several images of children in sexually-explicit clothing. He later asked her if she would prefer more revealing images. When "Ali" seemed interested, the defendant e-mailed her images of nude and semi-nude girls who appeared to be approximately 7-12 years of age. When "Ali" asked the defendant if he had taken any photos of the mother and daughter with whom he had sex, he told her that he had taken some photographs of the daughter. The defendant then e-mailed "Ali" some images of a nude girl and said they were of the 12-year old with whom he had sex.

6. During the course of the defendant's on-line conversations with "Ali," he stated numerous times that he would like to meet "Ali" and her daughter "Andi" for sexual purposes. The defendant also discussed ways to groom "Andi" into engaging in sexual acts with him and "Ali." The defendant found "Andi" online and began talking to her. He encouraged her to engage in sexual acts, and sent, via computer, images of child pornography to her, all while he believed she was a 13-year old girl. During one conversation, the defendant sent "Andi" webcam images of himself masturbating. The defendant told "Ali" about the type of conversations he was having with "Andi," and talked to her about ways to convince "Andi" to engage in sexual acts.

7. The defendant's computer and computer media was seized and forensically examined. Thousands of images of child pornography were recovered from the defendant's computer and media during this search, including images from 34 known child pornography series. None of the child pornography images was manufactured in Nevada, and many of the images involved a prepubescent minor or a minor under the age of 12.

## V.

## ACKNOWLEDGMENT

1. Defendant acknowledges by defendant's signature below that defendant has read this Memorandum of Plea Agreement, that defendant understands the terms and conditions, and the factual basis set forth herein, that defendant has discussed these matters with defendant's attorney,

9

and that the matters set forth in this memorandum, including the facts set forth in Part IV above are true and correct.

  2. Defendant acknowledges that defendant has been advised, and understands, that by entering a plea of guilty defendant is waiving, that is, giving up, certain rights guaranteed to defendant by law and by the Constitution of the United States. Specifically, defendant is giving up:

    a. The right to proceed to trial by jury on the original charges, or to a trial by a judge if defendant and the United States both agree;

    b. The right to confront the witnesses against defendant at such a trial, and to cross-examine them;

    c. The right to remain silent at such trial, with such silence not to be used against defendant in any way;

    d. The right, should defendant so choose, to testify in defendant's own behalf at such a trial;

    e. The right to compel witnesses to appear at such a trial, and to testify in defendant's behalf; and,

    f. The right to have the assistance of an attorney at all stages of such proceedings.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

3.  Defendant, defendant's attorney, and the attorney for the United States acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by and between the parties, and that no other promise has been made or implied by either defendant, defendant's attorney, or the attorney for the United States.

DANIEL G. BOGDEN
United States Attorney

02/12/07
DATED

NANCY J. KOPPE
Assistant United States Attorney

02/05/07
DATED

STANLEY JENCHOWSKI, Defendant

2/05/07
DATED

MARK F. ROACH
Counsel for Defendant

11

RECEIVED
U.S. ATTORNEY'S OFFICE

2007 FEB -8  P 3: 27

LAS VEGAS, NEVADA